**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, | ) | |
| and BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-073 (LPS) |
| | ) | |
| ALEMBIC PHARMACEUTICALS LIMITED, | ) | |
| ALEMBIC GLOBAL HOLDING SA, | ) | |
| ALEMBIC PHARMACEUTICALS, INC., | ) | |
| AND INC RESEARCH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT INC RESEARCH, LLC'S OPENING BRIEF IN SUPPORT OF MOTION
TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Kenneth L. Dorsney (I.D. #3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendant
Inc Research, LLC*

Dated:  April 3, 2018

## TABLE OF CONTENTS

I.      OVERVIEW ................................................................................................................1

II.     MOTION TO DISMISS STANDARD.........................................................................2

III.    ARGUMENT ...............................................................................................................4

IV.     CONCLUSION.............................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Allergan, Inc. v. Teva Pharms. USA, Inc.*, 2016 U.S. Dist. LEXIS 51851 (E.D. Tex. April 19, 2016)..................................................................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) ..............................3, 4

*AstraZeneca Pharms. LP v. Mylan Pharms. Inc. (In re Rosuvastatin Calcium Patent Litig.)*, 2008 U.S. Dist. LEXIS 96289 (D. Del. Nov. 24, 2008) ........................................2, 4

*AstraZeneca Pharms. LP v. Mylan Pharms. Inc. (In re Rosuvastatin Calcium Patent Litigation)*, 719 F. Supp. 2d 388 (D. Del. 2010) ................................................................4

*Aventis Pharma Deutschland GmbH v. Lupin Ltd.,* 403 F. Supp. 2d 484 (E.D. Va. 2005)..................................................................................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..........2, 3, 4

*Cephalon, Inc. v. Watson Pharmaceuticals, Inc.,* 629 F. Supp. 2d 338 (D. Del. 2009) ....................5

*Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-cv-3435, 2015 U.S. Dist. LEXIS 80301, 2015 WL 3833447 (S.D. Tex. June 22, 2015)....................................................4

*Eli Lilly and Co. v. Medtronic, Inc.,* 496 U.S. 661, 110 S. Ct. 2683, 110 L. Ed. 2d 605 (1990) .................................................................................................1

*Galderma Labs., L.P. v. Teva Pharms. United States, Inc.*, 2017 U.S. Dist. LEXIS 213725 (N.D. Tex. Nov. 17, 2017)......................................................................5, 8, 9

*Hedges v. United States*, 404 F.3d 744 (3d Cir. 2005) .................................................2

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litigation,* MDL, No. 09-2118, 693 F. Supp. 2d 409, 2010 U.S. Dist. LEX1S 23046, 2010 WL 902552 (D. Del. Mar. 12, 2010) ......................................................................5

*In re Rosuvastatin Calcium Patent Litig. v. Aurobindo Pharma Ltd.,* 703 F.3d 511 (Fed. Cir. 2012)................................................................................4, 5

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) ......................................3

*Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ...............................3

*Pietrangelo v. NUI Corp.*, 2005 U.S. Dist. LEXIS 40832 (D.N.J. July 18, 2005)........................3

*Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008)..................................................3

*T-Jat Sys. 2006 v. Expedia, Inc.*, 2017 U.S. Dist. LEXIS 31714 (D. Del. March 7, 2017) ..............................................................................................3, 7

*Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59 (3d Cir. 2008) ....................................3

*Wyeth v. Lupin Ltd.,* 505 F. Supp. 2d 303 (D. Md. 2007).............................................5

**Rules**

Fed. R. Civ. P. 8(a) ........................................................................................3, 4, 7, 9

Fed. R. Civ. P. 12(b)(6).......................................................................................2, 4, 8

**Statutes**

35 U.S.C. § 271(e)(2)...................................................................................1, 2, 4, 5, 7

35 U.S.C. § 271(e)(4)...........................................................................................1

I.      **OVERVIEW**

On January 9, 2018, Plaintiffs Adverio Pharma GmbH, Bayer AG, and Bayer Healthcare Pharmaceuticals Inc. ("collectively Plaintiffs") initiated this action for patent infringement alleging infringement of U.S. Patent No. 6,743,798 (the "'798 Patent").  At issue in Plaintiffs' Complaint is Abbreviated New Drug Application ("ANDA") No. 211127 filed by Defendant Alembic Pharmaceuticals Limited ("Alembic"), a corporation organized under the laws of India.  Through ANDA No. 211127, Alembic seeks approval from the United States Food and Drug Administration ("FDA") to market and sell generic versions of Bayer's Adempas® (riociguat tablets) drug product, which product is allegedly manufactured under the '798 Patent, prior to expiration of the '798 Patent.

Plaintiffs filed their Complaint pursuant to 35 U.S.C. § 271(e)(2) of the Hatch-Waxman Act.  As recognized by the United States Supreme Court in *Eli Lilly and Co. v. Medtronic, Inc.,* 496 U.S. 661, 678, 110 S. Ct. 2683, 110 L. Ed. 2d 605 (1990), 35 U.S.C. § 271(e)(2) was added to create an artificial act of infringement that consists of submitting an ANDA if the purpose of such submission is to obtain approval to engage in the commercial manufacture, use, or sale of a drug claimed in a patent before the expiration of the patent at issue.  By making the act of filing an ANDA application an act of infringement, § 271(e)(2) enables the judicial adjudication of whether an ANDA should be approved prior to the expiration of the patent at issue.  *Id.*

In their Complaint, Plaintiffs seek various remedies under 35 U.S.C. § 271(e)(4), including both a judgment that the effective date of any approval of Alembic's ANDA No. 211127 be no earlier than the day after the expiration of the '798 patent (Comp., Prayer for Relief ¶B), and a judgment enjoining Defendants from engaging in the commercial manufacture, use, offer to sell,

or sale within the United States, or importation into the United States, of Defendants' ANDA Product until the day after the expiration of the '798 Patent. (Comp., Prayer for Relief ¶D).

In addition to naming Alembic, the applicant of ANDA 211127, and Alembic's two wholly owned subsidiaries – Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc. as Defendants in this action, Plaintiffs also named INC Research, LLC ("INC Research") as a Defendant. However, the only substantive allegation in the entire Complaint directed specifically at INC Research is that INC Research was the U.S. FDA agent for Alembic. (Comp., ¶11).

Simply serving as a U.S. FDA agent for a foreign entity in connection with an ANDA filing does not create a basis for liability under 35 U.S.C. § 271(e)(2). Rather, something more is required. Specifically, as this Court held in *AstraZeneca Pharms. LP v. Mylan Pharms. Inc. (In re Rosuvastatin Calcium Patent Litig.),* 2008 U.S. Dist. LEXIS 96289, at *38 (D. Del. Nov. 24, 2008), the U.S. FDA agent must stand to "benefit directly if the ANDA is approved – by participating in the manufacture, importation, distribution and/or sale of the generic drug." Plaintiffs do not, and cannot in good faith, make such an allegation against INC Research in the present matter. Consequently, INC Research respectfully submits its motion to dismiss should be granted.

## II.    MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.

2d 929 (2007); *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

Finally, to satisfy even the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a), a complaint may not lump all defendants together, but rather, must differentiate between the defendants so as to put each defendant on notice of the specific claims against them. *See Pietrangelo v. NUI Corp.*, 2005 U.S. Dist. LEXIS 40832, at *33-*34 (D.N.J. July 18, 2005) ("the Complaint fails to satisfy even the liberal notice pleading standard of Rule 8(a) because Plaintiff fails to differentiate between the defendants"); *T-Jat Sys. 2006 v. Expedia, Inc.*, 2017 U.S. Dist. LEXIS 31714, at *14 (D. Del. March 7, 2017) (in dismissing patent infringement allegations against two defendants court noted "[r]ecent decisions in this court make clear that plaintiffs cannot combine allegations against multiple defendants"); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-

3

1250 (10th Cir. 2008) (finding that Rule 8 was not satisfied where "no distinction as to what acts are attributable to whom" was provided); *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-cv-3435, 2015 U.S. Dist. LEXIS 80301, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.")

As set forth in more detail below, Plaintiffs' Complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8(a) as it relates to Defendant INC Research, and therefore, INC Research respectfully submits it should be dismissed from the present lawsuit under Fed. R. Civ. P. 12(b)(6).

## III.    ARGUMENT

A US agent of a foreign ANDA applicant is a proper defendant in a patent infringement action filed pursuant to 35 U.S.C. § 271(e)(2) only where the US agent stands to "benefit directly" if the ANDA is approved.  As this Court held in *AstraZeneca Pharms. LP v. Mylan Pharms. Inc. (In re Rosuvastatin Calcium Patent Litig.),* 2008 U.S. Dist. LEXIS 96289, at *38 (D. Del. Nov. 24, 2008) (Stark, J.):

> a wholly-owned subsidiary of a foreign ANDA applicant, which signs an ANDA as the agent of its parent-applicant, *and which intends to benefit directly* if the ANDA is approved -- by participating in the manufacture, importation, distribution and/or sale of the generic drug -[is] subject to suit under § 271(e) as one who has "submitted" an ANDA.

This Court's conclusion that the US agent of an ANDA is a proper defendant under § 271(e) *when the US agent will directly benefit if the ANDA is approved* has been adopted by virtually every court that has considered the issue. See *In re Rosuvastatin Calcium Patent Litig. v. Aurobindo Pharma Ltd.,* 703 F.3d 511 (Fed. Cir. 2012); *AstraZeneca Pharms. LP v. Mylan Pharms. Inc. (In re Rosuvastatin Calcium Patent Litigation),* 719 F. Supp. 2d 388, 396 (D. Del.

2010) ("The Court's conclusion that liability for infringement may extend to an agent of the applicant who signs the ANDA and intends to benefit directly if the ANDA is approved is consistent with the decision of other courts considering this issue"); *Galderma Labs., L.P. v. Teva Pharms. United States, Inc.*, 2017 U.S. Dist. LEXIS 213725 (N.D. Tex. Nov. 17, 2017); *Allergan, Inc. v. Teva Pharms. USA, Inc.*, 2016 U.S. Dist. LEXIS 51851 (E.D. Tex. April 19, 2016). Parties "actively involved" in preparing the ANDA are deemed to have submitted the ANDA. "Active involvement" includes marketing and distributing the approved generic drugs in the United States. See, *Wyeth v. Lupin Ltd.,* 505 F. Supp. 2d 303, 306-307 (D. Md. 2007); *Aventis Pharma Deutschland GmbH v. Lupin Ltd.,* 403 F. Supp. 2d 484, 492-494 (E.D. Va. 2005); *Cephalon, Inc. v. Watson Pharmaceuticals, Inc.,* 629 F. Supp. 2d 338, 349 (D. Del. 2009); see also *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litigation,* MDL, No. 09-2118, 693 F. Supp. 2d 409, 2010 U.S. Dist. LEX1S 23046, 2010 WL 902552 at * 6 (D. Del. Mar. 12, 2010).

Significantly, in a concurring opinion in *In re Rosuvastatin Calcium Patent Litig. v. Aurobindo Pharma Ltd.,* 703 F.3d 511 (Fed. Cir. 2012), Judge Plager of the United States Federal Circuit Court of Appeals weighed in on the exact situation presented by INC Research's motion to dismiss, i.e. a U.S. agent of a foreign applicant when the agent is not alleged to benefit directly if the ANDA is approved. Judge Plager concluded:

> The question of whether an agent-filer-submitter such as Apotex U.S. can be a party liable for infringement under § 271(e)(2) is a question of first impression in this court.
>
> The statute nowhere addresses the question of agency in the submission of an application under § 271(e). However, in creating the artificial act of infringement by the submission of an ANDA, the statute does add the following qualifier related to the applicant's purpose in making the submission: "It shall be an act of infringement to submit an application . . . if the purpose of such submission is to obtain approval . . . *to engage in the commercial manufacture, use, or sale* of a drug

. . . claimed in a patent . . . ." *Id.* (emphasis added). The phrasing leaves unclear what the consequences are if the party who submits the application is not the same as the principal party who will "engage in" the manufacture of the drug at issue.

Thus the question becomes whether the statute is intended to include within its scope 1) any agent who simply submits *(i.e.,* files) an application for another who is the principal commercial manufacturer; or 2) an agent who files on behalf of such another, but who has a financial interest beyond simply acting for the commercial manufacturer, and in this latter situation, what qualifies as a sufficient financial interest.

With regard to the first, there can be no doubt that many applications are in fact submitted to the FDA by attorneys or others acting as agents for the real party in interest, *i.e.,* the commercial manufacturer of the generic drug at issue. *It would make little sense to read the statute as making such agents liable for the artificial "act of infringement" created therein.* Though presumably an attorney or other agent representing a principal commercial manufacturer could fashion some sort of hold-harmless provision in the employment contract, such unnecessary complication and the potential mischief associated therewith cannot be what Congress had in mind. An agent who simply prepares and submits the application as such is not an applicant; it is the real party in interest—the commercial manufacturer—who is the statutory applicant who "submit[s]" the application and commits the act of infringement.

*Id.* at 529-30.

In Plaintiffs' Complaint, there are only five paragraphs wherein Defendant INC Research is mentioned. Those paragraphs are as follows:

> **8.** On information and belief, Defendant INC Research, LLC ("INC Research") is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 3201 Beechleaf Court, Suite 600, Raleigh, North Carolina 27604. On information and belief, INC Research is in the business of, among other things, performing contract research for pharmaceutical companies.

> **11.** On information and belief, Alembic Pharma and/or INC Research are designated U.S. FDA agent(s) for APL.

> **17.** On information and belief, Alembic Pharma and INC Research are organized under the laws of the State of Delaware and are therefore "at home" in Delaware and subject to suit in this judicial district.

> **20.** On information and belief, INC Research is registered to do business in Delaware (File Number 2656930), and has thereby consented to suit in Delaware.

6

21. On information and belief, INC Research has appointed Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, as its registered agent for receipt and service of process.

Of these five paragraphs, only paragraph 11 has a singular substantive allegation that relates in any way to claims in Plaintiff's complaint, i.e. that INC Research is the designated U.S. FDA agent for Alembic. The other paragraphs, which specifically identify INC Research, merely allege the nature of INC Research's business, or its alleged contacts with the state of Delaware.

There are no allegations in Plaintiffs' Complaint that are directed specifically at INC Research -- nor could such allegations in good faith be made, asserting that INC Research will be participating in any way with the manufacture, importation, distribution and/or sale of the generic drug at issue; that INC Research will benefit if the underlying ANDA is approved; or that INC Research was actively involved in preparing the ANDA. Rather, the sole substantive allegation against INC Research is that INC Research is a designated U.S. FDA agent for Alembic. This allegation is nowhere near sufficient to assert the artificial "act of infringement" set forth under 35 U.S.C. § 271(e)(2).

While it is true that the Complaint contains allegations that "Defendants acted in concert to prepare and submit ANDA NO. 211127 to the FDA" (Compl., ¶12), and that "Alembic (a term in the Complaint used to define all defendants) submitted ANDA No. 211127 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' ANDA Product" (Comp. ¶34), the Complaint makes no attempt to differentiate between the defendants in such alleged conduct. Those allegations lumping all defendants together fail to satisfy the notice pleading standard of Fed. R. Civ. P. 8(a). *T-Jat Sys. 2006 v. Expedia, Inc.*, 2017 U.S. Dist. LEXIS 31714 (D. Del. March 7, 2017).

A case on point is *Galderma Labs., L.P. v. Teva Pharms. United States, Inc.*, 2017 U.S. Dist. LEXIS 213725 (N.D. Tex. Nov. 17, 2017).  In *Galderma Lab,* the plaintiffs sued both Teva USA and Teva Israel under the Hatch-Waxman Act alleging that the defendants submitted an ANDA to the FDA seeking approval to engage in the commercial manufacture, use, and sale of a generic pharmaceutical cream under, and prior to, the expiration of plaintiffs' patents. Plaintiffs sought declaratory relief that the defendants had infringed the patents-in-suit by filing the ANDA and would further infringe by making or selling their accused generic creams.  While the complaint contained specific allegations against Teva USA individually, the allegations against Teva Israel were lumped together with Teva USA:

> Teva Israel [and] Teva USA . . . work in active concert with respect to the development, manufacturing, regulatory approval, importation, marketing, sale, and distribution of generic pharmaceutical products, including the generic pharmaceutical product described in ANDA No. 210019, throughout the United States, including this district.
>
> *Teva Israel* [and] Teva USA . . . *were involved in the submission of the ANDA seeking FDA approval to engage in the commercial manufacture, use, and sale of a generic version of Accused Product* prior to the expiration of the Asserted Patents.
>
> *Teva Israel* and] Teva USA . . . *intend to continue collectively seeking approval of the ANDA from the FDA and engage in the commercial manufacture, marketing, and sale of the Accused Product* (including commercial marketing and sale of the Accused Product in the State of Texas and this district), in the event that the FDA approves the ANDA.

*Id. at \*34-\*36* (emphasis in the original).  In response to the allegations against it, Teva Israel moved to dismiss under Fed. R. Civ. P. 12(b)(6) arguing that the complaint did not assert a plausible case that Teva Israel was responsible for "submitting" the ANDA application.   In granting Teva Israel's motion to dismiss, the Court held:

> Plaintiffs' allegations do not distinguish Teva Israel's conduct from Teva USA's conduct; nor are the allegations supported by any specific factual assertions that make the allegation more than a bare-bones conclusion. Additionally, it appears that Plaintiffs may simply have copied what they perceive to be "magic words"

regarding active involvement from other decisions without demonstrating how those allegations can support a claim against Teva Israel in this case.

Plaintiffs also assert that their allegations are sufficient to state a claim for inducement against Teva Israel because Plaintiffs have alleged that the Defendants, collectively, will be engaged in post-approval marketing and distribution of a generic version of Soolantra®. Regardless of the particular theory asserted, *Plaintiffs' allegations against Teva Israel fail because they are not specific to Teva Israel. Rather, the [First Amended Complaint] lumps together all of the Defendants. To survive dismissal, Plaintiffs must specifically allege facts that would support an inference that Teva Israel will be engaged in post-approval marketing and distribution of a generic version of Soolantra®.*

*Id. at \*40-\*41* (emphasis added).  The same is true of Plaintiffs' Complaint in the present in the case.  Plaintiffs' Complaint lumps all defendants together, and fails to allege facts that INC Research will be engaged in the post-approval manufacture, importation, distribution, marketing, and/or sale of the generic drug at issue.  Consequently, as to Defendant INC Research, Plaintiffs' Complaint fails to meet the liberal notice pleading standard of Fed. R. Civ. P. 8(a), and should be dismissed.

## IV.    CONCLUSION

For all the reasons set forth above, Defendant INC Research respectfully requests that the claims in Plaintiffs' Complaint asserted against it be dismissed with prejudice.


Dated:  April 3, 2018                                    */s/ Kenneth L. Dorsney*
                                                          Kenneth L. Dorsney (I.D. #3726)
                                                          MORRIS JAMES LLP
                                                          500 Delaware Avenue, Suite 1500
                                                          Wilmington, DE 19801
                                                          (302) 888-6800
                                                          kdorsney@morrisjames.com

                                                          *Attorneys for Defendant*
                                                          *Inc Research, LLC*