# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jeremy A. Tigan
(302) 351-9106
jtigan@mnat.com

November 13, 2020

The Honorable Leonard P. Stark                              *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801

      Re:    *Adverio Pharma GmbH, et al. v. MSN Laboratories Private Limited, et al.*,
             C.A. No. 18-073 (LPS) (Consol.)

Dear Chief Judge Stark:

      We write on behalf of Plaintiffs (Bayer) to provide an update on the COVID-19 situation in Europe and its potential effect on the trial of this case, scheduled to begin on December 14. In the parties' joint status report submitted on October 16, Bayer informed the Court that COVID-19 "may impact its ability to present live testimony" of fact witnesses who reside in Germany. D.I. 164 at ¶ 3. As noted before, German law does not permit the taking of sworn testimony in a foreign proceeding on German soil, even voluntarily, except through the Hague Convention. *Id.* Thus, Bayer's fact witnesses located in Germany—including two named inventors of the patent-in-suit—would have to temporarily relocate to other countries (e.g., the Netherlands, England, or Italy) to testify live at trial. The ongoing spike in COVID-19 cases throughout Europe has made this possibility less and less workable. The countries from which Bayer's fact witnesses might give live testimony are now considered "high risk." Significant quarantine periods could be required in connection with travel to and from those places. Like in the United States, the COVID-19 situation is worsening across all of Europe.

      At this point, it appears that Bayer's fact witnesses may not be able to testify via videoconference at the trial next month. The potential prejudice to Bayer from that inability has coalesced over the past week. Infringement is not disputed in this case. Moreover, as part of the parties' pretrial exchanges MSN indicated that it is dropping its obviousness defenses.[1] Thus, the trial will now focus exclusively on inequitable conduct allegedly committed by Bayer research scientists.[2] In the pretrial materials the parties have exchanged, MSN also previews that it intends to

---

[1]  MSN asserts a defense of anticipation of claim 1 by ACS Poster 205 as part of its inequitable conduct defense. However, Bayer is dropping claim 1 and will only be asserting claim 4 at trial.

[2]  This narrowing of issues also means the time currently allocated for trial could be reduced.

The Honorable Leonard P. Stark
November 13, 2020
Page 2

"comment" on the willingness of these witnesses to testify live, and Bayer's failure to call them live. Such implication is consistent with MSN's motion seeking an adverse inference (*see* D.I. 165) of wrongdoing because a former Bayer scientist (who left Bayer over 15 years ago) decided not to sit voluntarily for a deposition, but instead chose to exercise his right to the Hague process (which the Court told MSN to initiate nearly a year ago, D.I. 142 at ¶ 11). MSN's "empty chair" arguments against Bayer and its fact witnesses are unfounded and potentially prejudicial, particularly given that these witnesses want to defend themselves against MSN's charges, but currently have no practical way to do so without breaking German law, putting their health at risk, and/or potentially quarantining themselves for significant periods of time over the holidays.

Bayer believes there are a number of potential solutions that could assist the Court in developing a full and fair record. For example, the Court could bifurcate the trial and receive evidence limited to the prior art status of ACS Poster 205 over one or two of the trial days already set aside by the Court in December. This issue could be case dispositive and would not implicate the testimony of the accused inventors. If the Court finds that the poster is not prior art, there can be no inequitable conduct.

Although MSN took depositions of the accused inventors, those occurred before MSN amended its Answer to add its allegation of inequitable conduct. If it turns out to be necessary, the testimony of many of the accused inventors could be taken at a later time when travel to an appropriate location is more feasible. Or, if the Court prefers, the entire trial could be continued to a time when live testimony (including by videoconference) is feasible for these witnesses. Bayer is also amenable to any other alternative the Court might propose.

Bayer is very concerned that, with the sole issue in this case being inequitable conduct, it will be handcuffed in its ability to provide a full defense to MSN's serious accusations without the testimony of those accused of wrongdoing. Bayer is also concerned about MSN's apparent plan to try to prove intent to deceive not through evidence from the accused inventors but with inferences from their inability to testify because of the worldwide health crisis. Bayer requests a conference with the Court at its earliest convenience to discuss its concerns and the best way to move forward under the circumstances.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT/rs
cc:     Clerk of the Court (via CM/ECF)
        All Counsel of Record (via CM/ECF and E-mail)