IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 18-073-LPS |
| v. | ) ) | |
| MSN LABORATORIES PRIVATE LIMITED, *et al.*, | ) ) ) | **REDACTED PUBLIC VERSION** |
| Defendants. | ) ) | |

**LETTER TO THE HONORABLE LEONARD P. STARK**
**FROM KAREN E. KELLER**

Dear Judge Stark,

MSN was surprised to receive Bayer's letter to the Court, D.I. 188, which makes the drastic request to postpone the imminent and long-delayed trial in this action indefinitely. Bayer neither notified MSN of its intent to approach the Court, nor sought to meet and confer about any of the issues raised in its letter. Extending the trial schedule yet again in this case would be highly prejudicial to MSN, and is not warranted based on the purported concerns in Bayer's letter.

1. **Trial Schedule**

This case should have gone to trial more than nine months ago. Trial was originally set for February 3, 2020 (D.I. 30 at 14), but was delayed by months when Bayer refused to provide adequate discovery on MSN's inequitable conduct defense while also attempting to introduce selective statements from two key fact witnesses that would not be subject to cross examination. The Court recognized that this placed MSN in an exceedingly unfair situation and ordered Bayer to provide additional discovery. *See* D.I. 137; D.I. 179, Ex. F at 25:3–28:18 (Dec. 9, 2019 Hearing Tr.). This additional discovery pushed back the start of trial until July 2020, D.I. 147, and when the COVID pandemic struck, the parties sought another extension to ensure that the additional Court-ordered discovery could be completed, resulting in the current trial date. D.I. 153. As Bayer is well aware, this case has been pending for nearly three years and the stay on FDA approval of MSN's ANDA expires on April 8, 2021. Such a result would unnecessarily burden the Court and unfairly prejudice MSN, particularly given that Bayer's refusal to provide full and fair discovery has already delayed trial from its initial February 2020 date. Moreover, Bayer's request for delay has no end point. It is currently unclear when the travel restrictions caused by the COVID pandemic will be lifted, or (more importantly) when it will be safe and practicable to take live testimony from Bayer's fact witnesses. Leaving MSN in limbo while the parties wait for the COVID crisis to end is neither fair nor practical.

2. **Bifurcation**



Bifurcating the issues of prior art status and inequitable conduct is similarly impractical and would significantly prejudice MSN. As an initial matter, the prior art status of ▊▊▊▊ is only dispositive if Bayer prevails—if it does not, MSN will be left in the same unfair position as if the trial was deferred in its entirety and will have to absorb the additional costs of litigating two separate trials. Nor will bifurcation obviate the need to hear from Bayer's three German fact witnesses, all of whom gave prior deposition testimony on ▊▊▊▊ and other topics relevant to prior art status. Bayer cannot reasonably assert that it is permissible to rely on deposition designations from these witnesses for purposes of prior art status but not for inequitable conduct. Moreover, the prior art status of ▊▊▊▊ is inextricably linked to MSN's inequitable conduct defense. MSN will seek to prove at trial that the accused inventors' principal excuse for not disclosing ▊▊▊▊—that they did not believe it to be prior art—is not

The Honorable Leonard P. Stark
November 16, 2020

credible because it is in direct conflict with much of the same evidence MSN intends to introduce regarding ▮▮▮ prior art status, namely ▮▮▮

▮▮▮ In order for all of this evidence to be properly and efficiently assessed by the Court with all relevant context it should be presented once, and it would be highly prejudicial for MSN were the Court to wait months before assessing some of this related evidence.

### 3. Relying on Deposition Testimony Will Not Unfairly Prejudice Bayer

Despite the protracted delays caused by Bayer's refusal to provide full and fair discovery, Bayer now complains, just weeks before trial, that it will be unduly prejudiced by its inability to present live witness testimony. However, per its pretrial disclosures, Bayer intends to present live testimony from only three fact witnesses ▮▮▮—a group that excludes two of the accused inventors,[1] as well as Bayer's key 30(b)(6) designee on issues relevant to inequitable conduct and prior art status.[2] Bayer has also failed to indicate that it has made any effort to find alternative ways to allow these three witnesses to testify remotely notwithstanding COVID-related restrictions that it has known about since at least October 16, 2020 and should have known was possible since the July trial date was extended in March, 2020. D.I. 164. For example, Bayer has apparently taken no steps to obtain permission from the German government for the witnesses to testify from Germany pursuant to Article 17 of the Hague Convention. Nor did Bayer raise the possibility of pre-recording direct and cross examination testimony of these witnesses at a time when they—like Bayer's recent fact deponents[3]—were able to travel outside of Germany. Finally, as discussed below, even if these witnesses are unavailable for trial, a full and fair deposition record exists that will allow the trial to proceed without them.

Contrary to Bayer's suggestions, if ▮▮▮ do not appear at trial, they will not have been deprived of an opportunity to answer for their conduct before the PTO. When these inventors were deposed in May 2019, Bayer was well aware that MSN was interested in their non-disclosure of ▮▮▮ and that inequitable conduct would likely become an issue in this case. MSN served Bayer with a Rule 30(b)(6) deposition notice on April 5, 2019, requesting testimony on, *inter alia*, ▮▮▮ and the decision not to disclose the reference to the PTO—Bayer designated witnesses on these topics, and purportedly prepared them to testify.[4] ▮▮▮ were each asked why they failed to disclose material information—including ▮▮▮ to the PTO during the

---

[1] MSN has accused four inventors of inequitable conduct: ▮▮▮ each sat for deposition in May 2019, but ▮▮▮ refused. ▮▮▮ is not a named inventor, but offered deposition testimony in May 2019 on ▮▮▮
[2] Bayer designated ▮▮▮ to testify regarding ▮▮▮ knowledge of ▮▮▮ as well as Bayer's internal policies on publication approval and prior art collection.
[3] ▮▮▮ both of whom reside in Germany, traveled to Amsterdam to sit for remote deposition on August 27, 2020 and September 1, 2020, respectively.
[4] ▮▮▮ was designated on the decision not to disclose ▮▮▮ to the PTO (Topic 22); Dr. Straub was designated on ▮▮▮ (Topic 16).

The Honorable Leonard P. Stark
November 16, 2020

prosecution of the '037 patent. Both provided excuses under oath for these omissions, and for both, Bayer chose to pursue redirect questioning specifically directed to ▇▇▇ and/or the reasons for its non-disclosure. Thus, Bayer's concern is not that the witnesses have been denied an opportunity to explain themselves. Rather, it is that once the Court examines the excuses they have already provided in view of the full trial record, they will be found incredible. Bayer simply wants a second bite at the apple, but this is not an adequate reason to further delay trial, inconvenience the Court, and prejudice MSN.[5] Those accused of wrongdoing have already had ample opportunity to "defend themselves against MSN's charges" at deposition, and Bayer's sudden concern that this deposition testimony could be used at trial speaks more to the merits of its own case rather than any purported unfairness.

4. **The Parties' Trial Time Should Not Be Reduced**

In a footnote, Bayer also suggests that the time for trial could be further reduced due to a "narrowing of issues." However, MSN's ability to present its case would be severely impacted by any further reduction in trial time. MSN has already narrowed its defenses for trial as much as possible due to time constraints, and it will be challenging for MSN to present its main defense of inequitable conduct within the time currently allotted for trial. MSN intends to present testimony on this defense from at least eight fact witnesses (all of whom reside abroad) and two experts. Most of this testimony will need to be presented by deposition designation regardless of COVID restrictions because, as discussed above, Bayer only intends to provide live testimony from three of these witnesses. Deposition designations typically take longer to present than an equivalent live cross examination, and MSN should not be further prejudiced by Bayer's contracted witness list.[6]

In another footnote, Bayer also indicates for the first time in its letter that it no longer intends to assert Claim 1 of the '037 patent, and implies that MSN will no longer need to assert a defense of anticipation. This is wrong and misleading, as Bayer well knows from the parties' pretrial exchanges, MSN's inequitable conduct position rests on the fact that ▇▇▇ anticipates Claim 1, and is therefore material, noncumulative prior art that would have rendered Claim 1 unpatentable. Inequitable conduct regarding a single claim renders the entire patent unenforceable, whether or not that claim is asserted at trial. *Regeneron Pharm., Inc. v. Merus N.V.*, 864 F.3d 1343, 1350 (Fed. Cir. 2017). Until and unless Bayer stipulates that ▇▇▇ anticipates at least Claim 1 of the '037 patent (if it is found to be prior art), MSN will need to prove anticipation at trial. MSN proposed a stipulation to this effect as part of the Proposed Pre-trial Order, but Bayer has yet to respond.

MSN respectfully requests that the Court proceed with the trial as currently scheduled and allow testimony to be presented by deposition for any witness who is not available to testify live.

---

[5] Bayer accuses MSN of making unfounded "empty chair" arguments but does not explain how it is that ▇▇▇ "want to defend themselves against MSN's charges," but the other two accused inventors, ▇▇▇, apparently do not. Notably, Bayer does not assert that it would be prejudiced if ▇▇▇ do not testify live at trial.

[6] For at least this reason, and as Bayer knows, MSN will request in the Proposed Pre-trial Order that the trial time be enlarged to 15 hours per side.

The Honorable Leonard P. Stark
November 16, 2020

                                                         Respectfully submitted,

                                                         */s/ Karen E. Keller*

                                                         Karen E. Keller (No. 4489)

cc:    All counsel of record (by CM/ECF & e-mail)
        Clerk of Court (by CM/ECF)

4