IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, and BAYER HEALTHCARE PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> MSN LABORATORIES PRIVATE LIMITED, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 18-73-LPS <br> **CONSOLIDATED** |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated November 18, 2020 (D.I. 191), the parties have met and conferred and provide the following joint status report regarding this consolidated case:

1. **Bayer's Statement:** In the parties' joint status report submitted on October 16 and Bayer's letter of November 13, Bayer informed the Court that COVID 19 might impact its ability to present live testimony of fact witnesses who reside in Germany. D.I. 164 at ¶ 3. As noted, German law does not permit the taking of sworn testimony in a foreign proceeding on German soil, even voluntarily, except through the Hague Convention (including through Letters from this Court seeking permission under Article 17 of the Hague from individual German court jurisdictions to take voluntary testimony via an appointed "commissioner"). *Id.* Thus, Bayer's accused inventors and other fact witnesses would have to travel to other countries (e.g., the Netherlands, England, or Italy) to testify live at trial. The countries from which Bayer's fact witnesses might give live testimony are, however, currently designated "international risk areas" by Germany's Robert Koch Institute. (https://www.rki.de/DE/Content/InfAZ/N/Neuartiges_Coronavirus/Risikogebiete_neu.html). As

the situation exists today, COVID presents an unreasonable health risk (and COVID-related quarantines an unreasonable burden) to Bayer's fact witnesses' ability to present live testimony by video conference for trial.

2. **Bayer's Statement:** Bayer's fact witnesses want to testify live and to defend themselves against MSN's accusations, but they cannot do so because of COVID. Bayer nevertheless believes this case can be resolved in the bifurcated manner it proposed previously because the non-prior art status of ACS Poster 205 is case-dispositive. Although it appears that the Court has rejected this proposal, Bayer respectfully repeats that request.

3. **Bayer's Statement:** The COVID situation in Europe continues to evolve and Bayer will continue to monitor "international risk areas" and their quarantine requirements.

4. **MSN's Statement:** For the reasons set forth in MSN's letter of November 16, 2020 (D.I. 190) and this Court's order of November 18, 2020 (D.I. 191), MSN believes that the trial should go forward beginning on Monday, December 14, 2020 regardless of whether Bayer's proposed witnesses are able to testify live. MSN reiterates that bifurcation will not allow for an orderly, efficient, or equitable resolution of MSN's inequitable conduct claims due to at least: (1) the expiration of the 30-month stay on MSN's ANDA on April 8, 2021; (2) the substantial evidentiary overlap between the parties' prior art dispute and MSN's inequitable conduct defense; and (3) the lack of certainty as to when the COVID situation in Europe will improve.

5. **MSN's Statement:** MSN submits that Bayer has failed to demonstrate why the purported unavailability of its witnesses requires bifurcation, especially because Bayer has not made all reasonable efforts to obtain these witnesses' trial testimony by other means and may rely on deposition testimony in their absence. Of note, Bayer submitted a declaration from a German lawyer to this Court on December 6, 2019 explaining that witnesses residing in

Germany may voluntarily provide deposition testimony at the U.S. Consulate in Frankfurt. *See* D.I. 134, Ex. 2 ¶ 4. There is no reason that Bayer could not have sought to take trial depositions according to this procedure prior to the imposition of the recent COVID-related restrictions in Europe. Moreover, it appears that Bayer has made no efforts to obtain permission from the German authorities for this Court or its duly appointed commissioner to take voluntary testimony from Bayer's witnesses in Germany outside of the U.S. Consulate pursuant to Article 17 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. In addition, Bayer was on notice of MSN's potential inequitable conduct counterclaim at the time that each of the inventors and former Bayer employees were deposed and was able to examine those witnesses at the time regarding the reasons that they failed to disclose material prior art to the PTO during prosecution of the '037 patent.

6. **MSN's Statement:** MSN notes that, as part of the parties' preparation of the Final Pretrial Order (due to be filed on November 23, 2020), Bayer has failed to disclose the testimony it intends to elicit from its three proposed live witnesess in any meaningful detail. In contrast, on November 9, 2020, MSN provided Bayer with a detailed, 100-page disclosure of the contested facts it may present at trial, more than half of which was devoted to MSN's allegations against the accused inventors. Bayer cannot reasonably argue that its witnessess' purported unavailability to rebut these allegations live at trial justifies bifurcation when it is simultaneously unwilling to make reasonable disclosures regarding either the content of this live testimony or—more importantly—how it would meaningfully differ from the existing deposition record. As for Bayer's comment about the current state of MSN's designations, MSN notes that Bayer has counter-designated essentially all of the testimony that MSN originally designated, and more, and that Bayer's counter-designations now exceed MSN's designations in volume. MSN has

narrowed its designations as much as is reasonably possible at this point based on MSN's understanding of what facts Bayer intends to dispute, what evidence Bayer intends to introduce, and the uncertainty concerning which witnesses will testify live.  MSN will narrow its designations to ensure compliance with the time restrictions entered by this Court once Bayer confirms which of its witnesses will testify live.

      7.      **Bayer's Response:** Bayer has disclosed in the Pretrial Order the fact witnesses it intends to call and the relevant issues of fact for trial. MSN has taken the deposition of each of Bayer's witnesses and should, therefore, be adequately prepared for their live testimony.  In contrast, MSN has failed to disclose the deposition testimony that it reasonably anticipates using at trial. Initially, on October 23, 2020, MSN provided designations totaling almost 33 hours. In response to Bayer's objection, 14 days later, MSN provided "narrowed" designations totaling approximately 24 hours. Thus, even though MSN has the burden of proof on the issues to be tried, it has not provided Bayer with notice of the testimony it actually intends to use at trial.  As for MSN's position that Bayer failed to anticipate the recent increase in COVID infections in Europe and should have utilized consulate availability for trial depositions, Bayer notes that such depositions require months of advance notice and are only available at the U.S. Consulate in Frankfurt. The Consulate has, for some time, suspended depositions services because of COVID-19, including during this most recent European spike in infections.

      8.      **Bayer's Statement:** As requested by MSN, Bayer will provide final notice to MSN prior to the December 2, 2020, Pretrial Conference whether health and safety issues as they exist at that time will allow its fact witnesses to testify live, or if they will be otherwise "unavailable" as defined under Fed. R. Civ. P. 32(a)(4).

9. The parties agree that following this final notice, MSN and Bayer will exchange final deposition designations by close of business on Monday, December 7, 2020.

10. The parties further agree that MSN will serve any "short, supplemental expert reports directed solely to the new evidence challenged by the Defendants' motion" (D.I. 170) and Bayer will serve Dr. MacMillan's "brief supplemental report" addressing materiality of the secondary references (D.I. 169 at 2 n.2) on Wednesday November 25, 2020.

11. Dr. MacMillan will be offered for a brief additional deposition of [**Bayer Proposal**: no more than two (2) hours] [**MSN Proposal**: no more than three hours, depending on the length, scope, and content of the supplemental report served on November 25, 2020] limited to the subject matter of the report set forth in paragraph 10 on December 4, 2020, beginning at 9:00 am CST.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| /s/ *Jeremy A. Tigan* | /s/ *Karen E. Keller* |
| Jack B. Blumenfeld (#1014) | John W. Shaw (Bar No. 3362) |
| Jeremy A. Tigan (#5239) | Karen E. Keller (Bar No. 4489) |
| 1201 North Market Street | Nathan R. Hoeschen (Bar No. 6232) |
| P.O. Box 1347 | 1105 North Market Street, 12th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 658-9200 | (302) 298-0700 |
| jblumenfeld@mnat.com | jshaw@shawkeller.com |
| jtigan@mnat.com | kkeller@shawkeller.com |
| | nhoeschen@shawkeller.com |
| *Attorneys for Plaintiffs* | |
| *Adverio Pharma GmbH, Bayer AG, and* | *Attorneys for Defendants MSN Laboratories* |
| *Bayer HealthCare Pharmaceuticals Inc.* | *Private Limited and MSN Pharmaceuticals Inc.* |

November 23, 2020