IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, and BAYER HEALTHCARE PHARMACEUTICALS INC., | : : : : : |
| Plaintiffs, | : : |
| v. | : C.A. No. 18-73-LPS |
| MSN LABORATORIES PRIVATE LIMITED, et al., | : : : : |
| Defendants. | : |

## MEMORANDUM ORDER

Having reviewed the proposed pretrial order (D.I. 194) and November 30, 2020 joint status report (D.I. 198), submitted by Plaintiffs Adverio Pharma GmbH, Bayer AG, and Bayer HealthCare Pharmaceuticals Inc. (collectively, "Bayer" or "Plaintiffs") and by MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. (together, "MSN" or "Defendants") in relation to the virtual bench trial scheduled to begin on December 14, 2020, **IT IS HEREBY ORDERED** that:

1. Bayer's Motion in Limine ("MIL"), to exclude testimony on *Monsanto Co. v. Bayer Bioscience N.V.* (D.I. 194-1), is **DENIED**. For the reasons stated by MSN, the testimony targeted by the motion is relevant, and its probative value (which may turn out to be quite low) is not outweighed (and certainly not "substantially outweighed") by the risk of confusion or waste of time. *See* Fed. R. Evid. 401, 403. For example, it appears that Bayer and its witnesses may contend that "note-taking is not even permitted at scientific conferences" (D.I. 194-1 at 14-024) and/or that norms disfavor such note-taking, which would render relevant evidence from the

*Monsanto* case that an employee of some entity somehow related to the Bayer entities in the instant litigation took notes on a poster at some scientific conference.

2. MSN's MIL, to preclude evidence and argument as to which sections of ACS Poster 205 (and other posters) would be of most interest to a POSA for the purpose of analyzing the poster's status as prior art, is **DENIED**. While the parties agree that "public accessibility [is] the criterion by which a prior art reference will be judged for the purposes of § 102(b)" (D.I. 194-1 at 15-003, 15-016, 15-059), and also appear to agree that "whether a skilled artisan notes something 'interesting,' 'useful,' or of 'scientific value' is not the test for public accessibility" (*id.* at 15-017), they appear to disagree as to whether one of the factors of the *Klopfenstein* test ("the existence (or lack thereof) of reasonable expectations that the material displayed would not be copied") might render relevant an assessment of how much (and which portions) of a poster would or could be copied (*compare id.* at 15-018, *with id.* at 15-059). In any event, the Court agrees with Bayer that "whatever standard applies to Bayer should also apply to MSN," so "[t]o the extent MSN intends to argue – as its experts have – that skilled artisans would focus on Compound 56, Bayer should be permitted to introduce evidence and argument that they would not." (*Id.* at 15-017-18)

3. MSN's request for an adverse inference that an inventor of the patent-in-suit acted with intent to deceive when he withheld certain (purported) prior art from the PTO is **DENIED**. MSN has failed to persuade the Court that either the inventor or Bayer's counsel acted in bad faith or even that there has been a violation of the Court's previous discovery-related order. (*See* D.I. 142) If it is true, as MSN asserts but does not prove, that "Bayer and [the inventor] have not complied with this order" (D.I. 194-1 at 16-004), MSN does not address why it failed to bring

2

this violation to the Court's attention sooner or why a less severe sanction than an adverse inference is warranted.

    4.    With respect to other disputes in the PTO:

        a.    as to ¶ 32, the Court adopts MSN's position, adhering to its prior statement (*see* D.I. 191) regarding disputes over non-appearance of witnesses

        b.    as to ¶¶ 35, 97-99, the disputes are moot (*see* D.I. 198)

        c.    as to ¶ 41, the Court adopts both MSN's proposal (time used to argue objections to deposition designations will be charged to the party raising the objection) and Bayer's proposal (failure to comply with PTO's procedures will result in waiver) and also MODIFIES the parties' proposal such that the letter and associated materials relating to objections the Court must resolve shall be submitted no later than ***two calendar days before the witness is to be called at trial***

        d.    as to ¶ 45, there is no need to provide the Court with hard copies of deposition transcripts, but the parties shall provide an electronic version no later than the day a witness is called to testify by deposition

        e.    as to ¶ 57, Bayer's proposal is rejected, and the parties will be permitted to comment on a failure to introduce any exhibit

        f.    as to ¶¶ 59, 75, the Court adopts both MSN's proposal (time used to argue objections to exhibits/demonstratives will be charged to the party raising the objection) and Bayer's proposal (failure to comply with PTO's procedures will result in waiver)

        g.    as to ¶ 77, the Court adopts Bayer's proposal, and the parties will have to disclose to one another trial exhibits that form the basis of a demonstrative used in opening statements

    h. as to ¶ 79, the Court adopts MSN's proposal, and demonstratives to be used in closing argument (which will be permitted) shall be exchanged using the same procedures as for other demonstratives

    i. as to ¶ 89 and D.I. 198, setting out the parties' proposals for post-trial briefing, the Court will address the timing, length, and number of submissions at the conclusion of the December trial

    j. as to ¶ 90, the Court adopts Bayer's proposal, as closings will be permitted, provided a party has time remaining

  5. The Court will determine the timing and length of any post-trial submissions at or around the time of the conclusion of trial. (*See* PTO at 15-16)

  6. Given the scope of the disputes to be tried, the Court's methods of counting time, the fact that this trial will be conducted entirely remotely, the parties' requests (Bayer seeks 7.5 hours per side while MSN seeks 15 hours per side) (*see* PTO ¶¶ 91-93), and the narrowing of issues that has occurred since the Court indicated (*see* D.I. 172) it would provide each side a maximum of 12.5 hours per side (as well as the Court's greater familiarity with the scope of the disputes and the proposed evidence, now having reviewed the PTO), the Court will allocate ***10 hours per side for trial presentations***. The Court deems this to be more than a sufficient amount of time for each side to be fully and fairly heard at trial.

  7. Trial will be held at some or all of the following times:

- Monday, December 14: no trial
- Tuesday, December 15: 9:00 a.m. to 5:30 p.m.
- Wednesday, December 16: 9:00 a.m. to 5:30 p.m.
- Thursday, December 17: 9:00 a.m. to 5:30 p.m.

- Friday, December 18: 9:00 a.m. to 5:30 p.m.
- Wednesday, December 23: 9:00 a.m. to 1:00 p.m.

8. The parties shall be prepared to discuss the following issues at tomorrow's pretrial conference ("PTC"):

- the dispute as to whether "irrelevant and redundant material" will be omitted from deposition testimony (for some or all witnesses) when played at trial (*see* PTO ¶¶ 43, 100-01)
- MSN's proposal to admit evidence through an attorney declaration (PTO ¶ 64)
- their proposal to permit "[l]imited and reasonable supplementation of trial exhibit lists" (PTO ¶ 53)
- MSN's request for production of a memorandum of invention (D.I. 198 at 4-5)
- the disputes regarding materiality (PTO ¶¶ 102-03)
- the Court's need for: (a) delivery to chambers, in advance of trial, of a single set of binders containing, in numerical order, one copy of each exhibit any party intends to introduce into evidence at trial; (b) electronic submission, prior to trial, of the same exhibits described in (a) above; and (c) delivery to chambers, shortly after the conclusion of trial, of a single set of binders containing, in numerical order, one copy of any exhibit that was introduced into evidence or otherwise used during trial that is not contained in the binders described in (a) above, and electronic submission of the same (*see also* PTO ¶ 63)

December 2, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE