IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, and BAYER HEALTHCARE PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> MSN LABORATORIES PRIVATE LIMITED, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 18-73-LPS
**CONSOLIDATED**

**PUBLIC VERSION**

**JOINT STATUS REPORT**

Pursuant to the Court's Order during the November 25, 2020 teleconference, the parties provide the following joint status report regarding this consolidated case:

1. The following portions of the parties' Proposed Final Pretrial Order are moot and/or not relevant to the December trial.

    a. PTO ¶ 35, concerning MSN's proposal that it be permitted to call Bayer's live fact witnesses adversely. As there will be no live fact witnesses at this time, the parties agree that this dispute is not relevant to the December trial, where all fact testimony not solely related to the intent of two Bayer fact witnesses will be presented by deposition. The parties agree that deposition testimony played at the December trial will be presented in accordance with PTO ¶ 46, but that certain deposition testimony played at the December trial may be played a second time during the second phase of the trial, pursuant to the Court's guidance during the conference held on November 25, 2020.

        b.        PTO ¶¶ 98-99 set forth the parties' competing views on the inability of Drs. Alonso-Alija, Straub, and Weigand to testify live due to COVID. These paragraphs are moot in light of the teleconference with the Court.

        c.        Contested facts solely related to the intent of Drs. Alonso-Alija and Weigand, as well as live testimony or deposition designations from Drs. Alonso-Alija and Weigand solely related to their intent are not relevant to the December trial.

2.        The following portion of the parties' Proposed Final Pretrial Order is modified in light of the teleconference with the Court:

        a.        PTO ¶ 89 **Post-trial briefing schedule**:

        b.        [**Bayer proposal:** The parties propose the following post-trial briefing schedule for the December trial:

        a) On January 15, 2021, each party shall provide proposed Findings of Fact for Phase I, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts the party believes it has proven, in a simple narrative form, along with citations to the record. The proposed Findings of Fact shall be limited to a maximum of 30 pages. No separate Conclusions of Law shall be filed;

        b) On January 22, 2021, MSN will submit its post-trial brief on Phase I trial issues limited to a maximum of 30 pages; and

        c) On February 12, 2021, Bayer will submit its rebuttal post-trial brief on Phase I trial issues limited to a maximum of 30 pages.]

      c.      [**MSN proposal:** The parties propose to address the post-trial briefing schedule following the December trial.]

      d.      PTO ¶ 97 **Order of Proof:** The parties have agreed on the following order of proof: In December 2020, MSN shall first present its affirmative case on anticipation and unenforceability, except for any evidence solely related to the intent of Drs. Alonso-Alija and Weigand. Second, Bayer shall present its rebuttal case on anticipation and unenforceability, except for any evidence solely related to the intent of Drs. Alonso-Alija and Weigand. Third, MSN shall present any reply case on anticipation and unenforceability, except for any evidence solely related to the intent of Drs. Alonso-Alija and Weigand. In the second phase of the trial, should it proceed, and to the extent they can testify live, Bayer will call Drs. Alonso-Alija and Weigand and MSN may cross-examine them. If they cannot testify live, their deposition testimony may be offered.

3.      [REDACTED]

4.      On November 25, 2020, MSN's German counsel received a copy of a report prepared by the Amtsgericht Müllheim (Müllheim District Court) recounting Dr. Achim Feurer's testimony at the November 13, 2020 hearing held by Amtsgericht Müllheim in response to this Court's January 14, 2020 Letter of Request pursuant to the Hague Convention. (D.I. 144, 146).

MSN understands that the German-language report was also sent directly from Amtsgericht Müllheim to the Court. The questions that were included in the Letter of Request and asked by Amtsgericht Müllheim are attached as Exhibit A. MSN's certified English translation of the report is attached as Exhibit B. The original German-language report is attached as Exhibit C. MSN intends to move that the questions, report, and translation be accepted into evidence at trial. Bayer reserves all objections to the admission of the Amtsgericht Müllheim's hearing report and may seek to move its own certified translation of the report into evidence at trial.

5. MSN intends to raise an additional issue at the Pretrial Conference in light of information in the Amtsgericht Müllheim's hearing report, which was not available as of the filing of the Pretrial Order. Specifically, Dr. Feurer indicated at the hearing that he reviewed an October 17, 2002 "internal invention disclosure" document—apparently the memorandum of invention for the '037 patent—in preparation for his Hague testimony, and discussed the purported contents of this document during his testimony. *See, e.g.*, Ex. B, Responses to Questions 4, 29, 160. *See also* D.I. 194, Ex. 16 at 16-029 (130:24-133:22). MSN immediately requested that Bayer produce this document, but Bayer refused on the basis of privilege. *See* Ex. D (November 30, 2020 Email Chain) at 1-2. Bayer cannot assert privilege over the contents of the memorandum of invention as a "shield to prevent defendants from obtaining information to provide intent to withhold information from the PTO" and also rely on Dr. Feurer's testimony regarding its purported contents as a "sword to defeat the intent prong of inequitable conduct." *Brigham & Women's Hosp. Inc. v. Teva Pharm. USA, Inc.*, 707 F. Supp. 2d 463, 471-72 (D. Del. 2010). Bayer's protestation that its outside counsel did not prepare Dr. Feurer for his Hague proceedings and did not "send him any documents or review with him any documents for those proceedings" (Ex. D at 1) is highly misleading, as Bayer's outside counsel admittedly prepared

Dr. Feurer in advance of the Hague proceedings to discuss the topics that would be covered, purportedly for the purpose of preparing Dr. Feurer to educate Bayer's 30(b)(6) witness (Dr. Luetjens) for deposition—including by providing Dr. Feurer with an unspecified set of documents relating to the '037 patent.  D.I. 194, Ex. 16 at 16-020 (21:1-24), 16-026 (94:25-96:4), 16-096.  *See also* Ex. B at p. 24 ("The Bayer's [sic] attorneys provided me with the relevant documents").  MSN requests that Bayer be ordered to produce the memorandum of invention referenced by Dr. Feurer immediately.  Alternatively, MSN requests that Bayer be precluded from offering any argument or otherwise relying on any statements from Dr. Feurer related to the memorandum of invention (e.g., the date on when he signed and/or reviewed it).

      6.      Bayer has not waived its privilege regarding the Memorandum of Invention and has not engaged in anything that could be regarded as use of the Memorandum of Invention as a "sword" but "shielding" it from discovery. Bayer did not send Dr. Feurer the Memorandum of Invention, did not review it with him at any point in time, and did not direct Dr. Feurer to review it at any point in time. Bayer did provide Dr. Feurer non-privileged production documents and pleadings for purposes of enlisting Dr. Feurer's help in preparing Bayer's 30(b)(6) witness (in accordance with the Court's Order), including the documents that MSN identified in its Letter of Request. Further, Dr. Feurer did not disclose the substance of the Memorandum of Invention at the Hague Convention hearing. And as Bayer has noted, it did not participate in Dr. Feurer's preparation for the Hague hearing, and is not aware of what documents in Dr. Feurer's possession he reviewed for purposes of that hearing beyond what he stated in the hearing record itself. Bayer cannot be held to have waived privilege with respect to a hearing in a foreign jurisdiction in which it did not directly participate. In fact, Bayer made limited efforts to prevent waiver of privilege by alerting the German Court to questions that might elicit privileged

testimony, and MSN complained that Bayer was acting improperly. *See* PTO Ex. 16 at 16-004.

MSN's efforts to compel production of this privileged document should be denied.

|  |  |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Jeremy A. Tigan* | */s/ Nathan R. Hoeschen* |
| Jack B. Blumenfeld (#1014) | John W. Shaw (Bar No. 3362) |
| Jeremy A. Tigan (#5239) | Karen E. Keller (Bar No. 4489) |
| 1201 North Market Street | Nathan R. Hoeschen (Bar No. 6232) |
| P.O. Box 1347 | 1105 North Market Street, 12th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 658-9200 | (302) 298-0700 |
| jblumenfeld@mnat.com | jshaw@shawkeller.com |
| jtigan@mnat.com | kkeller@shawkeller.com |
|  | nhoeschen@shawkeller.com |
| *Attorneys for Plaintiffs* | |
| *Adverio Pharma GmbH, Bayer AG, and* | *Attorneys for Defendants MSN Laboratories* |
| *Bayer HealthCare Pharmaceuticals Inc.* | *Private Limited and MSN Pharmaceuticals Inc.* |

November 30, 2020